NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0249n.06

No. 09-1380

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Apr 20, 2011*

LEONARD GREEN, Clerk

MICHAEL MARR,                               )
                                            )
      Plaintiff-Appellant,                )
                                            )       ON APPEAL FROM THE UNITED
v.                                          )       STATES DISTRICT COURT FOR THE
                                            )       WESTERN DISTRICT OF MICHIGAN
JONI FIELDS, Mailroom Worker at             )
Muskegon Correctional Facility,             )
                                            )
      Defendant-Appellee.                 )

Before:  MARTIN, NORRIS, and COOK, Circuit Judges.

COOK, Circuit Judge.  Michael Marr, a pro se Michigan prisoner, filed a series of grievances against prison mailroom worker Joni Fields in March of 2007.  One month later, Fields caught Marr using a metered envelope belonging to another prisoner.  Prison regulations authorized Fields to respond to this infraction by issuing Marr either a misconduct report carrying sanctions or a sanction-free notice of intent.  Fields chose the report.

Marr then brought a First Amendment retaliation claim against Fields.  In his verified complaint, Marr alleged that Fields normally issued a notice of intent for metered-envelope infractions, but gave him the harsher penalty to retaliate for the grievances.  Fields moved for summary judgment, arguing that Marr could not demonstrate that the grievances motivated the penalty.  Marr responded with a sworn affidavit from prisoner Phillip Reynolds attesting that Fields

charged him with the same infraction a month earlier but issued him only a notice of intent.

The magistrate judge agreed with Fields and recommended that the district court grant the motion. Marr objected, claiming that the judge neglected both the affidavit and his verified complaint. The district court nevertheless accepted the recommendation and granted Fields summary judgment. Marr timely appealed.

To prevail on his claim, Marr must establish that (1) he "engaged in protected conduct"; (2) Fields took an adverse action against him "that would deter a person of ordinary firmness from continuing to engage in that conduct"; and (3) "there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by [Marr's] protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). The district court granted summary judgment on the basis of the third element, a decision that we review de novo.[1] *See id.* at 399–400.

Under *Thaddeus-X*'s burden-shifting framework, if Fields demonstrates "that there is no genuine issue as to any material fact" regarding motive, *id.* at 385, Marr must produce "affirmative evidence from which a jury could find that [he] has . . . prov[en] the pertinent motive," *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *see also Thaddeus-X*, 175 F.3d at 385–86. Marr's success on

---

[1] Though Fields argues on appeal that Marr cannot establish the first two elements, she forfeited these arguments by failing to raise them below. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008).

this front passes the burden to Fields, who prevails only by showing that she "would have taken the same action in the absence of the protected activity." *Thaddeus-X*, 175 F.3d at 399.

When Fields moved for summary judgment, Marr properly shouldered his burden by producing an affidavit supporting the allegations in his verified complaint. This affidavit shows that a fellow prisoner received a *lesser* penalty from the *same* defendant after committing the *same* violation within the *same* time period. It thus constitutes sufficient evidence of unlawful motive to forestall summary judgment. *See id.* (noting that plaintiffs may satisfy their burden with "[c]ircumstantial evidence, like . . . the disparate treatment of similarly situated individuals").

But when the burden shifted back to Fields, she failed to show that no genuine issue of fact exists as to whether she "would have taken the same action in the absence of" Marr's grievances. *See id.* Fields argued—and the district court held—that she necessarily met this burden because she issued Marr an authorized penalty. Yet this case is not so simple: Marr alleges retaliation not because he received *a* penalty, but because he received the harsher of two possible penalties. Fields's entitlement to summary judgment hinges on her showing that she would have issued the *same* penalty regardless of the grievances, say by producing evidence that she often issues misconduct reports for metered-envelope violations. She did not offer such evidence.

Marr, like the plaintiffs in *Thaddeus-X*, has "done more than simply allege retaliation: in [his] verified complaint and in an additional affidavit, [he has] put forward a number of specific, nonconclusory allegations and identified affirmative evidence that could support a jury verdict at

trial." *Id.* at 399–400. And, as in *Thaddeus-X*, "[t]hese allegations have essentially been met with summary denials." *Id*. at 400. Because Marr's verified complaint and his supporting affidavit set up a genuine issue of material fact—which Fields fails to counter—we reverse the district court's grant of summary judgment and remand for further proceedings consistent with this opinion.